If the plaintiff had had the legal interest in the notes, as he pretends, he should have brought suit at law in his own name as bearer, and then Rutherford could not have proceeded in his bill without making him, as well as Sackett, defendant. But he did not sue at law in his own name, but in *Page 21 
that of Sackett, which is strong proof that he had not the legal title in the notes, but was only a pledgee. The judgments have merged the simple contracts on the notes, and the plaintiff's interest, if any, is purely equitable. The plaintiff contends that Rutherford had notice of the mortgage at the time of the sale of the land, but there is no proof of that; and if he had notice afterwards, he could not have set it up as a defense at law in the actions brought on the notes; therefore, his suffering judgments to be taken upon them operates nothing against him in equity. If Rutherford had an equity against the notes, or the judgments on them, as to Sackett, he must, as it seems to us, have the same equity against the plaintiff, the equitable assignee. Again, it is (16) a rule in equity that where a bill is brought by the assignee of a judgment, the assignor is a necessary party. Cuthcart v. Lewis, 1 Ves. Jun., 463; 2 Mad. C. P., 148. But in such case the bill is not ordinarily dismissed, but the case will be ordered to stand over with liberty for the plaintiff to amend by adding parties upon paying the cost of the day (2 Mad. C. P., 142). But, because of the defects of the bill, and the great irregularity of the proceedings in this cause, we deem it idle to retain the bill, and therefore direct that it be dismissed with costs, but without prejudice to the plaintiff to bring a new bill if he thinks proper.
PER CURIAM. Bill dismissed.